IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION,<br><br>Plaintiff,<br><br>v.<br><br>UTE DISTRIBUTION CORPORATION, et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Case No. 2:06-CV-557-CW<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

Before the court is Plaintiff's motion to reconsider pursuant to Fed. R. Civ. P. 59(e). The Tenth Circuit has stated that three grounds warrant a motion to reconsider: (1) An intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[1] Plaintiff argues that the court erred as a matter of law for the following reasons: (1) because the court improperly applied the standard for summary judgment by "using disputed facts deemed material by the Court;"[2] (2) because the court improperly applied the Utah Revised Nonprofit Corporation Act. Both contentions are without merit. Furthermore, Plaintiff's counsel is ordered to show cause why they should not be sanctioned under Rule 11(b) and be ordered to pay Defendants' costs arising from this motion.

---

[1] *Brunmark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).
[2] (Pl.'s Mem. in Supp. of Mot. to Reconsider, 2).

1

# DISCUSSION

## I. THE USE OF DISPUTED FACTS DEEMED MATERIAL BY THE COURT

Plaintiff's first contention is that the court used disputed facts which it had deemed material to its holding in the original decision. Specifically, these facts related to disagreements and conflicts between the two parties regarding hunting and fishing rights, negotiations regarding oil/gas/mineral leases, UDC claims that the Tribe had attempted to both deprive the UDC of oil/gas rights and harm those rights, UDC claims concerning its water right lawsuit against the Tribe, and UDC allegations of divisiveness.[3] However, the question before the court was not whether "the Ute Tribe is hostile and has animosity towards the UDC" as proof-texted in Plaintiff's briefing.[4] Rather the court considered whether "evidence" was produced to show that the Ute Tribe and the UDC have had on-going conflicting *interests*.[5] As this court found, "the UDC has presented substantial evidence supporting a rational concern that there have been and continue to be **conflicts of interest** between the Ute Tribe and the UDC."[6] The existence of such competing interests was the dispositive issue before the court, and Plaintiff has failed to provide evidence or otherwise dispute that the two-interests are not completely aligned. Because of these competing interests, this court found that Defendants actions were reasonably "designed to

---

[3] (Pl.'s Mem. in Supp. of Mot. to Reconsider, 3-4).
[4] *See* (Pl.'s Reply to Def.'s Mem. in Opp. to Ute Indian Tribe's "Mot. for Reconsideration," 2-3). For the Tribe to dispute that there was never a conflict between the two is to contradict its own briefing which has noted past and possibly future litigation. *See* (Pl.'s Mem. in Supp. of Mot. to Reconsider, 11). "The Court has already ruled that 'determining who may hunt and fish on Tribal lands and how they may do so is the paradigm of a government entity acting as a political governing body.'" *See also* (Pl.'s Mem. in Supp. of Mot. to Reconsider, 10). "To the extent these alleged facts may provide the UDC with a legal cause of action against the Tribe or the United States, those claims are not before the Court in this lawsuit." Plaintiff cannot seriously contend that there has not been a conflict between the two organizations.
[5] *Ute Indian Tribe of the Uintah and Ouray Reservation v. Ute Distrib. Corp.*, No. 2:06-CV-557, 2010 U.S. Dist. LEXIS 22928, at *20 (D. Utah March 12, 2010). Indeed, the evidence tended to show that such hostility and animosity existed despite this not being the dispositive issue. Such hostility and animosity simply demonstrate that there were competing interests.
[6] *Id.* at *20-21 (emphasis added).

prevent such controversy from affecting the management decisions of its board."[7] Plaintiff's first contention is without merit.[8]

## II. THE UTAH REVISED NONPROFIT CORPORATION ACT

Plaintiff's second contention is that the court erred as a matter of law by failing to apply the Utah Revised Nonprofit Corporation Act to the facts of this case.[9] Plaintiff's argument is premised on the creation or division of multiple classes of stock. This court summarily dismissed any such argument in holding that "the UDC articles create a single class of stock. All shareholders enjoy the same right to vote on all issues. The UDC does not present a situation where the corporate structure includes different classes, such as common and preferred shares."[10] As such, Plaintiff has simply ignored the holding and begged the issue of how these other non-existent distinct classes should be treated.

Clearly, Plaintiff is dissatisfied that some may be excluded from being voted onto the UDC Board of Directors. But regardless of its dissatisfaction, the court will not allow Plaintiff to conflate that issue with the fact that each share has the power to cast a vote of equal weight.[11] Indeed, the court has already responded to Plaintiff's contention that "the Act itself, which defines 'class' as 'a group of memberships that have the same rights with respect to *voting*, dissolution, transfer and other characteristics.'"[12] This court ruled that:

---

[7] *Id.*
[8] In the heading of Section II(A) of their briefing, Plaintiff correctly identifies the material issue – that being "conflicts of interest" and not general conflicts between the organizations.
[9] (Pl.'s Mem. in Supp. of Mot. to Reconsider, 4).
[10] *Ute Indian Tribe*, No. 2:06-CV-557, 2010 U.S. Dist. LEXIS 22928, at *30.
[11] Plaintiff has made this argument a number of times but most recently in its memorandum supporting this motion. Plaintiff asserts that "pre-amendment, the Tribe did have the right to nominate Tribal members and those affiliated with the Tribe to the Board. This right formed a valuable component of the Tribe's right to vote." (Pl.'s Mem. in Supp. of Mot. to Reconsider, 10-11). Plaintiff has failed to present any law to support the notion that nominating potential board members of a stockholder's unmitigated choosing is a "valuable component" to vote. Nor does Plaintiff make any lucid argument to suggest that any perceived change regarding the Tribe's ability to nominate its own members somehow creates a new class.
[12] (Pl.'s Mem. in Supp. of Mot. to Reconsider, 8).

3

The changes affect all shareholders equally. A particular mixed-blood shareholder, for example, may believe a member of the Ute Tribe would best represent his or her interests on the board. The amendments preclude such a shareholder from nominating that person just as it does the Ute Tribe. Because the amendment does not limit or restrict the voting rights of the Ute Tribe differently than other shareholders of the UDC, they do not create a separate class of shareholders.[13]

Likewise, the court rejects Plaintiff's contention that the court's interpretation was "crabbed." The court's mention of common and preferred shares of stock was but an *example* of where "Utah statute precludes one class of shareholders from voting on changes to the corporate structure that would diminish the rights of the other class without allowing that class of shareholders to approve the change."[14] The singular nature of the stock at issue and the ability of each holder to cast an equally meaningful vote were never altered by the Amendments to the Articles of Incorporation. And because the Amendments neither altered the stock nor created additional classes, Plaintiff's assertion is untenable.

## CONCLUSION

In support of Plaintiff's motion to reconsider, no change in the controlling law has been presented, nor reason to believe that new evidence has become available. Rather, Plaintiff simply argues that the court erred as a matter of law. This contention fails in two respects. First, counsel grossly mischaracterized the dispositive issue in the court's previous judgment. Indeed, the court did *not* base its opinion on any perceived *conflict* between the parties but whether or not a *conflict of interest* existed. Second, counsel failed to present any new legal argument in support of its motion to show that there was ever a division of classes. Simply taking lengthy exception to the court's reliance on various cases explaining Utah's corporate governance is insufficient.[15]

---

[13] *Ute Indian Tribe*, No. 2:06-CV-557, 2010 U.S. Dist. LEXIS 22928, at *23.
[14] *Id.* at *23.
[15] As a note, the court did not rely upon those cases for the reasons stated by Plaintiff's counsel.

4

It is clear that Plaintiff's counsel is dissatisfied with the court's previous ruling. However, to substitute thoughtful legal argument with the frivolity of simply airing one's disagreement has unnecessarily cost Defendants and the court both in time and resources. Therefore, and for the foregoing reasons, the court hereby DENIES Plaintiff's motion to reconsider and orders Plaintiff's counsel under Fed. R. Civ. P. 11(c)(3) to show cause why they should not be sanctioned and ordered to pay Defendants' costs regarding this motion, pursuant to 11(b)(1)-(3). Counsel is to respond accordingly within ten days of this order.

DATED this 4th day of November, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge